May it please the Court. Good morning, Your Honors. My name is Leigh Montgomery and I'm here along with co-counsel Jarrett Elsey, representing Eric Mattson in this Telephone Consumer Protection Act case, class action case. I'd like to reserve four minutes for rebuttal. I have two main points I want to cover with the Court today. The first being the procedural prejudice argument that the consideration of the motion to deny class certification without any chance to conduct class discovery was procedurally prejudicial to Mattson and abuse of the Court's discretion. The second is the substance of the motion given the state of discovery. The substantive argument is also given the limited nature of New Penn's motion to deny class certification was also an abuse of discretion by the Court because Mattson has met the challenge certification elements given the limited state of discovery. On the procedural prejudice, the District Court abuses its discretion if it unreasonably applies rules in a way that deprives a party of an opportunity to present class allegations or a motion for class cert or denies a party a reasonable opportunity to present a motion for class certification. What specific discovery would you have sought that would have given us some more information about the Rule 23 factors and the appropriateness of this particular plaintiff as the class rep? We would have sought the call logs, and specifically because it's a telephone consumer. But you had his call logs. You would have sought the call logs from New Penn? Is that it? We would have sought the call logs for the class, and we would have had the call logs analyzed by an expert. This is how it's normally done in class certification for Telephone Consumer Protection Act cases. And then the expert actually uses vendors to make a determination on the residential versus business line. There are vendors who actually, like LexisNexis is one, who actually compile data. Yeah, so help me with this argument. How would that bear on the facts that were specific to your client and the extent to which your client was business versus residential? Are you saying that if everybody's like that, and there's a big problem in differentiating everybody business residential, that that would make your client an adequate class representative? I'm missing how analyzing whether from the call logs others had the same problem or didn't have the same problem would bear on the district court's determination that your client wasn't an adequate class representative because of the typicality and the dominance in your client's case of sorting business from residence. So help me with that. Okay. Yes, Your Honor. I think that the class discovery is necessary because when, as opposed to the summary judgment, when we were trying to determine if there was any dispute, a genuine dispute about a particular element, in the class certification process, we're trying to determine the appropriateness of this person in comparison to the class. And you can't do that without the class discovery and specifically not in this instance. And the reason that I think it bears on this particular case is because that is how TCPA class actions which have been held across the nation as specifically deferential to class action treatment, that's how the class has been determined on a regular basis between the residential, answering the expert can analyze that and make that determination. I still am having trouble though seeing counts. I mean, I could see how you might need that type of discovery to establish that this is an appropriate class action in the first place. But I don't see how that kind of discovery again would bear on whether your client, because of the facts regarding his alleged business use, meets the typicality and adequacy requirements that the district court went on. I mean, I could see how the discovery could show this is a good class action, this isn't a good class action, but I'm still having trouble seeing how that could bear on your client's typicality and adequacy. So I think, and to answer that question, I think it's because the typicality argument was viewed in a way more conducive to an individual as opposed to viewed from the way that the nature of the claim is. So the nature of the claim is that this person was registered on the do not call, national do not call registry prior to receiving calls, more than one calls in a 12-month period. That is what makes you meet the typicality argument as well as the particular individual fact issue gets to the merits of the claim, which would be inappropriate at the class certification phase. And the reason that we cite, we bring up two cases, two class action cases that are particularly relevant, which is the Krakauer and Wakefield cases. The Wakefield case is actually on appeal to this Court now for a different purpose. But both of them were tried, TCPA class action cases, and in particular, the Wakefield case did have a question on this very issue, whether the class representative's line that they received the telephone calls on was considered residential or business. And yet, that class was certified because it ran with the same claim elements as the rest of the class, and it wasn't an individual issue that would predominate over the rest of the class. By not having in class discovery, we weren't able to show that comparison between whether the proof that will be laid forth on Mr. Mattson's claim as a class representative compares to the way the proof will be laid forth with the rest of the class. But that's... Well, in assessing adequacy and typicality with respect to Mattson, we necessarily have to look at the state of the record with respect to whether or not he qualifies as a residential telephone subscriber. Doesn't the word subscriber suggest that what's relevant is who opened the account, who holds the account, and who manages the account? And here, it's very clear that it's the corporation. The corporation has a plan that has seven lines on it and some other equipment, and it doles out the numbers. That looks like a corporate account. It's a business account. And so, why isn't it just that he's not even a member of the class? Yes, Your Honor. I actually do not believe that this is a corporate account. The account's actually in Mr. Mattson's name. I believe we set forth some evidence of that in the record. He actually had... This is his own personal cell phone. He had... Is it wrong to say that the plan under which this line is held has multiple lines in it and an additional router device that was set up by the corporation and the bills go to the corporation and the corporation pays them? Am I wrong in thinking that? It was not set up by the corporation. The plan is a personal plan as opposed to a business plan with Verizon. There are two separate types of plans. It is not wrong to say that there are multiple lines on that plan for other employees or that the bill at some point, and it was originally sent to Mr. Mattson, who is an owner of the company, it is not wrong to say that the bill was sent at some point to Westland Investors. However, I would mention that the FCC regulations, when they set forth how to determine the residential line status, they actually put forth that it's based on the usage of the phone. We're interpreting a statute that was passed in 1991 and uses the phrase residential telephone subscriber. Back in 1991, there was a really clear divide. You either called up the phone company and set up a residential account or you set up a business account. And that seems to be the backdrop against which this language is used. So that suggests that we look at who the subscriber is, how the account was set up with the phone company. It seems to be the wrong side of it. I believe, Your Honor, that Mr. Mattson did set up the phone and he had this as his personal phone well before he ever had this business. So under even that test, it would be his personal phone and it's his only phone. What point did the company take over and have this plan with multiple lines? Or am I just reading this wrong? No. By the time the phone calls happened, there were multiple lines on this plan. I think within the time frame, the time frame that we're looking at, it was, it had been switched to the business paying for it and with the multiple lines. It was Mr. Mattson's plan that the business account that he is on paid for as an employee benefit, which was 80% utilized by Mr. Mattson as his personal phone. All right. So are you agreeing that whether or not a phone is residential is a fact inquiry? I believe that it was and that was done during the motion for summary judgment phase. Well, no, that was not definitive at the motion for summary judgment phase, right? Well, it was determined that the defendant's motion was not... That there was a question of fact. Yes, for a jury to decide, yes, Your Honor. All right. Are you contending under 220CC1, are you asking us to expand that to mixed use? Or are you just asking us that the determination should be made as to whether or not a phone is residential to qualify to have the statutory standing? Well, I believe Mr. Mattson has the statutory standing because it's presumed it's residential. There has been no fact determination by the jury. And so I believe that he, as of this time and until sometime at such point that a jury determines otherwise, has the standing to bring the claim under the Telephone Consumer Protection Act as a residential subscriber. This is his only cell phone. So this is his only phone, period. So if you want to reach him in a personal manner, such as making phone calls with his children, this is the phone that you would have to do it on. And yes, I believe that the TCPA covers phones and allows them to be on the do not call list for that purpose. Well, the problem, as Judge Collins has pointed out, is that we're interpreting a statute that was written when you could look at the physical location of the phone and determine whether or not it was a residential phone or a business phone. And so we're trying to interpret that. But there has to be a factual determination that it's a residential phone in order for the person to have standing under 227C1. Is that your position? There is a determination, yes. It has to be a residential subscriber line. And I believe that the FDC regulations in 2003 and 2005 addressed an issue very similar that Nextel was arguing that it has to be tied in a similar manner to what Judge Collins has initiated here and rejected that and stated that even at that time, in 2003, there is a growing number of consumers who no longer maintain wireline phone service and rely only on their wireless telephone service. And they were not persuaded that tying it specifically to a person's residence was what they were doing when they were looking at whether wireless subscribers should be part of the Do Not Call registry. So I think there's... So you're down under two minutes. Would you like to reserve the remainder of your time? I would. Thank you, Your Honor. All right. And we'll give you two minutes for rebuttal. Thank you, Your Honor. And we'll hear from New Penn at this point. Thank you, Your Honors. First, may it please the Court, Lori Mazzachetti for Defendant Appellee, New Penn Financial. With me in the courtroom is my colleague Damon Sudin. The key issue that prevents class certification here is this hotly contested issue of residential subscriber status. On summary judgment, the Court ruled that this is an issue of material facts that would have to go to the jury. And the point was not simply that there's a question of material fact, but there's a question with respect to the class certification decision, as the District Court found, that is unique to Mr. Mattson. All of the evidence that pertains to the 1930 number, which is what we've called that phone number in this case, relates to very unique facts that can only pertain to Mr. Mattson. And it would stream... Oh, okay. Counsel, I have a little bit of trouble with your characterization that in 2022, those are facts that are unique to Mr. Mattson. I mean, there are huge numbers of people now, as opposed to when the statute was passed, who have no landline at home, who work and have one cell phone, and they just get all their calls on it. They get all their personal calls. They get some business calls. So isn't this sort of a problem that would be there theoretically for a lot of members of the putative class? And so in that kind of an ironic way, the plaintiff actually is probably a typical representative. Doesn't your argument go to there shouldn't be a class at all, as opposed to this isn't a good class rep? I don't agree, Your Honor. The FCC has acknowledged that this would be a case-by-case inquiry, especially with respect to the prevalence of wireless phones. And in that rulemaking that Plaintiff's Counsel had mentioned, the FCC had acknowledged that, especially in the case of wireless phones, that it would be case-by-case. All of the case law that considers... But let me just stop you there, because the statute does not say residential telephone use. It says residential telephone subscriber. So it looks at how the account is structured. And so given the shifting technology, why shouldn't we just stick to the language and say, well, look at how the phone company sees the account. Do they see it as a corporate account, a business account, or do they see it as an individual account? And just it falls where it may. I don't see that this is a multi-factor, back-down, case-by-case inquiry. It's either a corporate account or it's an individual account. I don't disagree with that. I don't disagree with that point, Your Honor. I do think it is either a corporate account or it's a residential subscriber account. But that's not... At what point did it switch here? I mean, because your opposing counsel said it was, in fact, set up individually by him. And then it changed at some point. Is that correct? Certainly before the calls at issue took place, this phone became used by the corporation, was paid for by the corporation. There were seven other employees added to the service plan. All of the devices began being paid for by the corporation. So I don't know exactly when the change in character of the use of the phone became corporate, but it certainly became... That is exactly right. And recently, the District of Massachusetts addressed a situation, similar arguments in Mantha v. Quote Wizard, and found that a person can't qualify as a residential subscriber for a phone that an employer owns, supplies, and funds. And that's exactly the question that the jury will have to decide here. Is this a corporate phone because Westland Investors is paying for the phone? The bills are going directly to Westland Investors. There are seven other folks on the account that aren't Mr. Matson's family members. They're the employees of Westland Investors. And Mr. Matson testified, and we think that the record will show, that Westland was taking the cost of these phones on the service plan and the devices themselves as a business expense. Let me move you away from that issue and to something that concerns me. In the district court's opinion, he states that he adopts, judge you, the magistrate's conclusion that plaintiff cannot meet the typicality and the commonality requirements of the Federal Rule of Civil Procedure 23. What do you make of him saying commonality at that point? Well, I think that many courts have acknowledged that these elements, Rule 23A's elements, including Rule 23B's requirements, even the Olean court, this court, had recognized that some of those elements overlap. Because there's no mention in the magistrate's opinion of commonality at all, is there? That is correct. But I think what the magistrate did find is that this is not an issue that's going to be, by deciding the issue for Mr. Matson, it's not deciding the issue, obviously, for any other class member because the facts are so unique. And in finding that there is a unique defense that's going to preoccupy the case, the court acknowledged that this is not going to be in any way impactful or advancing the claims of putative class members. So what do you think of adequacy in the district judge's opinion?  I mean, it seems like the district judge just got confused about what the magistrate had recommended. It didn't seem to think he was adding issues, but instead of talking about typicality and adequacy, he talked about typicality, commonality, and then mentioned predominance. Well, the mention of predominance is that this issue would predominate the litigation, and I view that as similar to preoccupy the litigation, which is a phrase or wording used when addressing typicality. I think the district court was not confused at all in the typicality argument, and this case is really on all fours with Hannon versus Data Products, which is a lead case by this court on assessing typicality. But on the issue of commonality, the district judge, that's just wrong because the fact that this question might not be common between Mattson and McClast doesn't mean that there might not be the one common question that 23A requires. With respect to something else, the very subject that wasn't permitted to be examined because of the lack of discovery. So I think the commonality we can just set aside. Unless you can explain to me why what I just said is wrong. Well, certainly this court can affirm the district court's decision on typicality grounds without addressing commonality. However, it will point to the Wal-Mart v. Duke's decision where if there's a crucial issue that cannot be decided in one stroke, commonality can be deemed defeated, even though there may be other common questions. So I don't think that it was... But you have to examine the candidates for common questions, and given the odd way this motion came up, that there hadn't been class discovery and there hadn't been a full process, and there'd been really no opportunity to look at other common questions. This one doesn't fit, but that's not enough to say that it can't be one, which is all 23A requires. Well, I think the court, the district court, recognized that this particular issue couldn't be resolved in one stroke, and that was obvious from the face of the record. I think... So while this court does not need to affirm on commonality grounds, as I mentioned, I think that the district court had a sufficient record in front of it that it could decide on commonality as well. But with respect to typicality, the Hannon decision here is on point. There, this court had considered not only a class certification ruling but also a summary judgment ruling, and in reversing the summary judgment ruling, it pointed to very specific, unique facts that pertained to plaintiffs but weren't likely to pertain to any other class member. And because of that posture and looking to that summary judgment record, the court determined that those unique facts that created a disputed issue that would need to go before a jury were the same unique facts that defeated typicality, and that's exactly what's present here. Do you think that your opposing counsel has waived the adequacy argument? Well, they certainly didn't address it in their opening brief. And they come back and say that it's because typicality and adequacy are intertwined. And we certainly acknowledge the fact that many courts view them together and the standard often overlaps. Go ahead, sir. They can't be tagged with a forfeiture of an issue that the district court itself skipped over. I mean, the ruling before us is the district court's ruling and not a magistrate judge's recommendation. And if the district court said nothing about adequacy, why would their opening brief have to mention it? Well, the district court did adopt, other than the standing issue, the magistrate judge's ruling, which did mention adequacy. But these elements, as I said, are often viewed together. So whether it's on typicality or adequacy grounds, the same underlying basis why typicality is not satisfied nor is adequacy. I would like to go back to that dual-use question because I think it's really important to understand that the case law about residential subscriber or what would otherwise be a residential phone being used for occasional business use, I understand that in today's world that we often will use our residential phones for business purposes and our business phones for residential or personal purposes. That doesn't change the character of the phone. To give an easy example, I have a desk phone in my Kelly Dry office, and I spend a lot of time in my office in normal circumstances that I use that phone for personal reasons. My family has the phone number. My doctors have the phone number. If I'm trying to purchase a product, I may give it out to a retailer, and they may reach me on that number. No one would argue that my Kelly Dry business phone has now become my residential phone. And that's really similar to what we have here where you have all of this evidence, and we don't have to decide the merits of the question, but there is all of this evidence that even led the magistrate judge to conclude that this is a corporate phone. This issue is now going to have to go to a jury, and all of that evidence is specific to this 1930 number and who else is on the plan, how it's paid for, how it's treated for tax purposes. Before you run out of time, would you please address the discovery issue then? What discovery was there that they wanted that was going to give us any insight into Rule 23? Certainly, Your Honor. So I think the point here is that plaintiff had identified no discovery that was going to change the conclusions reached by the magistrate judge and the district judge. They identified call records, which, as Your Honor mentioned earlier, we had produced the call records that pertained to Mattson, and they were not dispositive on whether or not the phone number in question was residential or not. They also pointed to expert analysis, that an expert would try to determine whether absent class member phone numbers were assigned to a business or not. But none of this discovery is going to change the problems with typicality, which are unique to plaintiff. They may go to some other issue, but they don't make Mr. Mattson typical or able to satisfy typicality. It would strain credulity, you know, this notion of needing to compare, that these we're going to find 40 other persons that have as equally a complicated storyline behind the use of a corporate phone number as Mr. Mattson. It almost goes to numerosity. Potentially, Your Honor. But if we're looking at typicality, what we look at is the facts and circumstances that pertain to the named plaintiff, not the facts and circumstances that may pertain to some other class members. And, in fact, when this court addressed the class certification ruling in Ellis v. Costco, the court, in assessing typicality, looked to the types of things that the plaintiff is suggesting here, the circumstances of other class members, and this court said that's not typicality. Typicality, you need to follow Hannon and look at the circumstances and unique defenses that may be present with respect to your named class representative, not the stuff that may pertain to other folks. And that's why this court, the district court, had a sufficient discovery record before it. One other point I wanted to make about the Wakefield v. Vassalis decision that my colleague had pointed out during her argument, that was a 227B, not 227C, and it is a section of the TCPA that pertains to prerecorded messages, and it's a violation to reach a cell phone or a residential line. And most importantly, when it went to a jury and the special verdict form laid out three questions, how many prerecorded messages, jury answered that question around 1.8 million, how many residential numbers were in that bunch, we don't know. The defendant moved for a judgment notwithstanding the verdict. The court denied it because it didn't matter. Here, there's no dispute. This issue matters, and because this issue matters here and it's going to be such a serious dispute for Mr. Madsen, that is exactly the type of unique defense that was present in Hannon that defeats typicality. Thank you, Your Honors. Thank you, and Ms. Montgomery, we will give you two minutes. Thank you, Your Honors. I wanted to address the Wakefield case just briefly just because it was just mentioned. The issue in that case was a 227B. However, whether the line that Ms. Wakefield was called on was residential or not was an issue. The special verdict form did include that residential question. And it did come to a conclusion on the number of calls Ms. Wakefield was called as well as the rest of the class. So I don't believe that my colleague was correct on the Wakefield decision or its special verdict form. But it was under the other provision, right, the recorded phone calls? That's correct. It was under the recorded phone calls. It applies to all cell phones. But the class representative's calls were to their landline, which must be a residential landline, and that's why it was of issue in the Wakefield case. And there was separate briefing submitted prior to the jury verdict on submission of that question, the residential subscriber question. I wanted to point to the record quickly on the FER32. That is the actual bill. You will see it's in Mr. Mattson's name. And just to clarify, he had his cell phone. He then started a company. So he is an owner of this company. He kept the cell phone plan as a personal plan and did add employees. I'm not contesting that. It's clear from the record he did that. And his corporate account, of which he is a signatory, did pay or reimburse its employees for that. But the district court, on the actual weighing of the facts, determined that there was only one fact, one piece of evidence, that showed that this number was actually held out as a business line. Remember, his company has a separate business line. They have their own line on their own website. The district court rejected the magistrate's determination on the facts of this case and said there's only one fact that weighs in favor of a corporate line, and that was a zoning application in which both numbers, the business line and the mobile, were presented. Thank you. Thank you, counsel. We thank both counsel for their arguments, and the case just argued will be submitted.
judges: BENNETT, COLLINS, Foote